Filed 3/21/24  P. v. Messer CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KORY WAYNE MESSER,<br><br>        Defendant and Appellant. | A168687<br><br>(Sonoma County<br>Super. Ct. No. SCR-755090-1) |

Appellant Kory Wayne Messer appeals from a judgment following his admission to violating the terms of his probation.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has filed two supplemental briefs.  We have reviewed the record and appellant's briefs, find no arguable issues, and affirm.

1

BACKGROUND

In September 2022, appellant pled no contest to child abduction (Pen. Code,[1] § 278) and violating a protective order (§ 273.6).[2]  According to the probation report, in June 2022 appellant went to the home of his estranged wife, who had a temporary domestic violence restraining order protecting her and their children from appellant, and attempted to take one of their children from her home.

As part of the plea agreement, appellant also admitted two aggravating factors: numerous prior convictions and a prior prison term.  (Cal. Rules of Court, rule 4.421(b)(2)–(3).)  The written plea agreement reflected a maximum possible term of four years and stipulated that appellant's sentence would be suspended and appellant would be granted probation to be released to a residential treatment program.

In October 2022, the court sentenced appellant to an aggregate term of four years (the upper term on the child abduction count (§ 278)), with no split sentence (§ 1170, subd. (h)(5)).  The court suspended execution of the sentence and placed appellant on three years' probation.  The terms of his probation provided he was to be released to a specified residential treatment program and was to complete programs as directed by that residential program and his probation officer.

In January 2023, probation was summarily revoked following a report from appellant's probation officer that appellant was discharged from the residential program "due to confrontational and aggressive behavior."

---

[1] All undesignated statutory references are to the Penal Code.

[2] At the same hearing, appellant also entered a no contest plea in a separate case.

At a May 2023 revocation hearing, the court denied appellant's request to substitute counsel after holding a *Marsden* hearing.[3]  Following the *Marsden* denial, appellant's counsel declared a doubt as to appellant's competency and the trial court appointed a psychiatrist to assess appellant's competence.

In August 2023, after the psychiatrist opined appellant was competent and no other evidence on the issue was presented, the trial court found appellant competent.  Appellant admitted violating probation by failing to complete the treatment program.  The trial court reinstated the previously imposed sentence of four years' imprisonment.  The trial court awarded credits and imposed fines and fees.

The trial court denied appellant's requests for a certificate of probable cause.

DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings.  To the extent they are reviewable, the trial court's orders denying appellant's *Marsden* motion and finding appellant competent were proper.  Before appellant admitted violating probation, the trial court reviewed his rights and confirmed that he understood them and wished to waive them.

In his supplemental briefs, appellant raises arguments about the factual basis for the underlying offenses, various proceedings and orders before his September 2022 no contest plea, whether his September 2022 plea was entered knowingly, and the factual basis for his admission to violating probation.  These issues are not cognizable.  (*People v. Sem* (2014)

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

229 Cal.App.4th 1176, 1186–1187 ["Matters occurring before a plea of guilty or no contest that affect the plea's validity cannot be raised without a certificate of probable cause. [Citation.] . . . '[T]he same principles apply' to an admission of a probation violation."].) Appellant's challenges to his sentence, based in part on statutes in effect at the time his sentence was imposed in October 2022, are also not cognizable. (*People v. Howard* (1997) 16 Cal.4th 1081, 1095 ["[D]efendant . . . did not contest the validity of the sentence the court imposed when granting probation. No good reason exists for allowing her to do so once the court revoked her probation."].) Appellant's contention that the trial court lacked jurisdiction because the matter was for the family court presiding over appellant's divorce proceedings fails. (§ 777 ["the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed"].) Finally, appellant asserts that he has copies of reporters' transcripts with the wrong date, the wrong attorney, and/or different wording. Appellant fails to identify any error proven by these discrepancies.

DISPOSITION

The judgment is affirmed.

SIMONS, Acting P. J.

We concur.


BURNS, J.
CHOU, J.




(A168687)

4